```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS & ST. JOHN


                                    )
In re:                              )
                                    )    Civil No. 2007-130
INNOVATIVE COMMUNICATION            )
CORPORATION,                        )    Chapter 11 Case No. 07-30012
                                    )
              Debtor.               )
_____)
```

**APPEARANCES:**

**John P. Raynor**
Omaha, NE
    *Pro Se Plaintiff.*

**Jeffrey J. Prosser**
St. Croix, U.S.V.I.
    *Pro Se Plaintiff.*

**J. Daryl Dodson, Esq.**
St. Thomas, U.S.V.I.
    *For Rural Telephone Finance Cooperative.*

**Toby L. Gerber, Esq.**
Dallas, TX
    *For Rural Telephone Finance Cooperative.*

**Kent D. Bressie, Esq.**
Washington, DC
    *For Rural Telephone Finance Cooperative.*

**William R. Greendyke, Esq.**
Houston, TX
    *For Rural Telephone Finance Cooperative.*

**Thomas J. Allingham II, Esq.**
**Gregg M. Galardi, Esq.**
**Mark L. Desgrosseilliers, Esq.**
Wilmington, DE
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,
L.P., and Greenlight Capital Offshore, Ltd.*

**Matthew J. Duensing, Esq.**
**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Greenlight Capital Qualified, L.P., Greenlight Capital,
L.P., and Greenlight Capital Offshore, Ltd.*

**Daniel C. Stewart, Esq.**
**Michaela C. Crocker, Esq.**
Dallas, TX
> *For Stan Springel, Chapter 11 Trustee of Innovative Communication Corp.*

**Kathryn B. Bussing, Esq.**
**Steven Kupka, Esq.**
Kansas City, MO
> *For Blackwell Sanders, LLP.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is a filing that purports to be an appeal of several decisions of the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division") by Jeffrey J. Prosser ("Prosser") and John P. Raynor ("Raynor"). In the alternative, Prosser and Raynor seek to have this Court withdraw the automatic reference to the Bankruptcy Division and stay "all related cases."

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of this matter in related proceedings, the Court recites only those facts pertinent to its analysis in this particular motion.

Stan Springel ("Springel") is the trustee of three entities -- Emerging Communications, Inc. ("ECI"), Innovative Communication Company, LLC ("ICC-LLC"), and Innovative Communication Corporation ("New ICC"). All three entities are in

chapter 11 bankruptcy proceedings. The filing before the Court arises from the bankruptcy proceedings for New ICC.

Rural Telephone Finance Cooperative ("RTFC") is a member-owned, non-profit lending cooperative based in Virginia, which provides financing to telecommunication companies.

Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. (jointly, "Greenlight") are two limited partnerships organized under Delaware law and a corporation organized in the British Virgin Islands.

RTFC and Greenlight are creditors of ICC-LLC and ECI.

Raynor was a director of New ICC. Prosser was the chairman of New ICC. New ICC is a management and holding company. New ICC is a wholly owned subsidiary of ECI. ECI is owned by ICC-LLC.

On September 7, 2007, the Bankruptcy Division issued an order authorizing Springel, as the trustee for ECI, to vote the shares of New ICC to replace New ICC's board. On September 21, 2007, the Bankruptcy Division issued an order placing New ICC into involuntary bankruptcy. On October 3, 2007, the Bankruptcy Division issued an order appointing Springel as the trustee for New ICC. Prosser and Raynor appeal these three orders (jointly, the "orders").

Following the September 7, 2007 order authorizing Springel to vote the shares of New ICC, Springel executed two unanimous

written consents in lieu of meetings, which removed Prosser and Raynor from their positions with New ICC and its subsidiaries. As such, neither Prosser nor Raynor is a current director or officer of New ICC.

## II. **JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a).[1] The Court will review the Bankruptcy Division's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law de novo but may only review findings of fact that are clearly erroneous.") (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)). A bankruptcy court's decision to grant a motion to appoint a Chapter 11 trustee is reviewed for abuse of discretion. *See In re Marvel Entertainment Group Inc.*, 140 F.3d 463, 470 (3d Cir. 1998). A court will be held to have abused its discretion "if its decision was based on a clearly erroneous factual conclusion or an

---

[1] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]." An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a).

erroneous legal conclusion." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

### III. <u>ANALYSIS</u>

Springel contends that, whether the Court construes Prosser and Raynor's filing as an appeal of orders of the Bankruptcy Division or as a motion to withdraw the reference, Prosser and Raynor lack standing to seek the relief requested. Springel argues that the Bankruptcy Code and rules make the trustee the only person with legal authority to take actions on behalf of New ICC.

Federal Rule of Bankruptcy Procedure 2012(a) provides that, "[i]f a trustee is appointed in a chapter 11 case . . . the trustee is substituted automatically for the debtor in possession as a party in any pending action, proceeding, or matter." On October 3, 2007, pursuant to the Bankruptcy Division's order appointing Springel as the trustee of New ICC, Springel became the only party with standing to appeal the Bankruptcy Division's orders regarding New ICC.

The right to appeal is part of the debtor's estate in bankruptcy. *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232 (3d Cir. 2001); see also 11 U.S.C. § 541(a) (defining what comprises the bankruptcy estate). Accordingly, the right to appeal rests with the trustee, as "the representative of the estate." 11 U.S.C. § 323(a); *see also* Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee . . . may prosecute

or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."). After a bankruptcy trustee has been appointed, only the trustee can pursue an appeal on behalf of the debtor corporation. *See Martin*, 240 F.3d at 232 (explaining that, because the right to appeal is part of the bankruptcy estate, only the trustee can pursue an appeal, unless the trustee has abandoned the appeal as part of the estate, pursuant to 11 U.S.C. § 554). This is true unless the trustee first initiates an appeal and then decides to abandon it, subject to notice and a hearing, pursuant to 11 U.S.C. § 554. *Id*.

In this case, after Springel was appointed as Chapter 11 trustee for New ICC, the authority to pursue appeals on behalf of New ICC belonged exclusively to Springel. At that point, Prosser and Raynor lost standing, to the extent they had it, to pursue the instant appeal. *See, e.g.*, *Riggs v. Aetna Life Ins. Co.*, 188 Fed. Appx. 659, 662-63 (10th Cir. June 14, 2006) (holding that a plaintiff who initiated a lawsuit and later filed for bankruptcy lacked standing to continue to pursue her claims in the lawsuit after a trustee in bankruptcy was appointed because "[a]t that point, the bankruptcy trustee, not Ms. Riggs, was the real party in interest"); *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, 375 B.R. 719, 725-26 (S.D.N.Y. 2007) (noting that, when a debtor filed for bankruptcy and a trustee

was appointed, the debtor lost standing to pursue his claims in a pending action); *see also In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) ("[E]ven if Eisen is a 'person aggrieved,' Eisen, as a debtor, has no standing because Moneymaker, as trustee, is the representative of Eisen's estate.").

To the extent Prosser and Raynor's filing is deemed to be a motion to withdraw the reference, their petition is similarly wanting. It is axiomatic that a party to a bankruptcy proceeding can seek withdrawal of the reference to the bankruptcy division. Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether "cause" exists for discretionary withdrawal under section 157(d), courts are to consider four factors: (1) promoting uniformity in bankruptcy administration, (2) reducing forum-shopping, (3) fostering economical use of debtors' and creditors' resources, and (4) expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

However, as non parties, Prosser and Raynor do not have standing to file a motion to withdraw the automatic reference to the Bankruptcy Division. *See, e.g.*, *Springel v. Prosser*, No. 2008-145, 2008 U.S. Dist. LEXIS 99490, at *6 (D.V.I. 2008) ("As a non-party, however, Dawn Prosser does not have standing to file a motion to withdraw the reference in that particular

proceeding."); *Pitre v. Blanchard*, No. 96-0014, 1996 U.S. Dist. LEXIS 4368, at *4 n. 4 (E.D. La. Mar. 27, 1996) ("the court notes that Pitre III is not a party to Adversary Proceeding No. 95-1200; consequently, he has no standing to bring a motion to withdraw the reference of that action.").

## IV. CONCLUSION

For the foregoing reasons, whether Prosser and Raynor's filing is construed as an appeal or as a motion to withdraw the reference, their petition for relief will be denied, and this matter will be dismissed. An appropriate order accompanies this memorandum opinion.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**